REQUESTED BY: Gerald E. Chizek, Commissioner of Labor, Department of Labor, State Office Building, Lincoln, Nebraska.
Are CETA work experience participants covered by the state employee minimum wage scale and fringe benefits?
If the work experience participant is engaged in work not the same or not similar to that of regular state employees, the proper wage to be paid would be the federal minimum wage and the participants would not be entitled to state employee fringe benefits.
At the present, the Department of Labor is paying the federal minimum wage of $2.30 per hour to Comprehensive Employment an Training Act (CETA) work experience participants. The minimum wage for state employees, subject to the exemptions contained in Section81-1316, R.R.S. 1943, is $2.60 per hour. Section 81-1329(2). CETA participants are not provided all normal state employee benefits, most notably health and life insurance. The question asked is whether CETA participants are entitled to the state employee minimum wage and state employee fringe benefits.
Section 95.35(b) of the rules and regulations implementing CETA requires that `participants in work experience shall be paid wages as required by § 95.33(d)(4)(viii).' See 41 Fed. Reg. 26358
(1976). Section 95.33(d)(4)(viii) provides that each participant in work experience activity shall receive wages commensurate with the type of work performed and the skill proficiency of the participant. It further provides that:
 "(A) In no event shall the rate be less than the highest of the following:
 "(1) The minimum wage rate in . . . the Fair Labor Standards Act. . . .
 "(2) The minimum wage prescribed by State or local law for similar employment; . . ." See Fed. Reg. 26356 (1976).
Under § 95.33(d)(4)(viii), if the work experience participant is engaged in work identical to or similar to that of other state employees then the minimum wage required would be that of the state employees, as it would be higher than the federal minimum wage. However, if the work experience participant is engaged in work not similar to or independent of other state employees, then the required wage standard would be that of the federal minimum wage as it exceeds the general Nebraska minimum wage. The standard for determining whether such employment is `similar to' that of state employees is the same as used to determine the applicability of fringe benefits to work experience participants.
Section 95.33(d)(4)(viii)(c) provides that `participants in work experience activities shall be provided workmen's compensation and other fringe benefits as specified in Section 98.24.'See Fed. Reg. 26356 (1976). Section 98.24(b) provides that work experience participants `shall also be assured of health insurance, unemployment insurance, coverage under collective bargaining agreements and other benefits at the same levels and to the same extent as other employees similarly employed.' See4 Fed. Reg. 26380 (1976). However, Section 98.24(b) further provides that `nothing in this section shall be interpreted to require coverage for health insurance, unemployment insurance and similar benefits for participants, . . . where there is no employee of the employer performing the same or similar work in the employment situation.'
The crucial question to be resolved in determining both the proper minimum wage to be paid and the availability of fringe benefits to work experience participants is whether the work experience participant is engaged in employment which is the same or similar to that of a regularly employed state employee. Section 98.24(b) provided that in determining whether the work is the same or similar, the prime sponsor is to take into consideration the `employment status, type of work performed, job classification and method of appointment to the position.'
The Department of Labor has indicated that the status of the work experience participants is temporary, the type of work performed will be in a trainee capacity and the method of appointment is pursuant to CETA eligibility criteria. Where it can be positively shown that the employment status, the actual type of work performed, and the job classification and the method of appointment of the work experience participants is different from any type of state employment in the same field, then the Department of Labor would not be required to pay the state employee minimum wage of $2.60 or extend the benefits available to state employees. However, where the work experience participant is performing substantially the same or similar type of work as state employees, then the proper wage to be paid would be the higher state employee minimum wage and the participant would be entitled to the same fringe benefits as state employees under Section 98.24(b).